UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JUAN R. MARTINEZ,

                Plaintiff,

   -against-                    **ORDER CONCERNING SETTLEMENT**

UNITED AIRLINES et al.,           21 MC 97 (AKH)
                                            02 Civ. 7262 (AKH)
                Defendants.
-------------------------------------------------------x
ALVIN K. HELLERSTEIN, U.S.D.J.:

      On September 26, 2006, I approved a settlement of this case, following mediation before Sheila Birnbaum, Esq. Pursuant to agreed and ordered procedure, plaintiff submitted a proposed order for division of the proceeds of settlement. I write because I decline to approve the proposed division.

      The essential point of disagreement arises from a proposed distribution to plaintiffs' attorneys of 28 percent of the net settlement (25 percent for the infant plaintiff). I decline to approve a division that proposes a fee to plaintiffs' attorneys, at this stage of the litigation, of more than 15 percent. The other counsel in the 37 cases that have settled thus far have expressed satisfaction with a 15 percent fee of net recovery, and all counsel for the settlements now under negotiation have expressed agreement with that limitation. The attorneys for plaintiff Martinez are not entitled to an exception.

      I discussed the desirability of reasonable limitations to contingency fees with all counsel at a joint status conference held March 3, 2006. The 15 percent figure

1

was proposed by various counsel for plaintiffs in the immediate aftermath of that conference, and universally followed since. As I said at the conference:

> The public will watch this. What we do here is very important in terms of the public perception. It was very bad publicity in regard to the tobacco cases when the press displayed some of the numbers involved.

Hearing Transcript of Joint Status Conference (21 MC 97 and 21 MC 101) at 31–32 (Mar. 3, 2006).

Counsel for plaintiff Martinez, in a letter to me dated October 11, 2006, state that the liability and damage issues of the Martinez case were unusually difficult, that success was uncertain, that the substantive and conflicts laws of potentially applicable states required extensive research, and that much time was consumed in attending conferences and meetings. They stress that the Martinez case is the only one they have, that they cannot derive as many efficiencies as the lawyers having many cases, and that they negotiated effectively for their clients. They attach an affidavit from their adult clients expressing satisfaction with a 28 percent fee.

I have considered all the arguments presented to me, and I find them not to have merit. At this point of the case, few depositions have been taken. The involvement of plaintiff Martinez' lawyers in discovery has been limited, if at all. A fee recovery at 15 percent would reward them far in excess of time rates and the hours they expended. Whatever out-of-pocket expenses they incurred will be reimbursed to them, fully.

These are extraordinary cases. There is a high public interest in their successful resolution, as promptly as they can be resolved. Because of the number and complexity of these cases – over 4,000 of them in four different categories – and the high

public interest, there has been a substantial investment of court time, and much pro bono contribution by the bar. Given all the circumstances, a limitation of contingent fees is reasonable and appropriate.

Plaintiff Martinez shall resubmit an application for a division of settlement proceeds conforming to this order.

Dated:   October __18__, 2006
         New York, New York

                                        _____
                                        ALVIN K. HELLERSTEIN
                                        United States District Judge